4/20/2025 10:18 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 99857888
By: Iris Collins
Filed: 3/31/2025 12:00 AM

CAUSE NO. _____

IN THE DISTRICT COURT OF HARRIS COUNTY, TEXAS

_____ JUDICIAL DISTRICT

**DR. JESSICA R. BERRY,**
Plaintiff,

v.

**F. MIKE MILES,**
**HOUSTON INDEPENDENT**
**SCHOOL DISTRICT,**
**HOUSTON INDEPENDENT**
**SCHOOL DISTRICT BOARD OF MANAGERS,**
**THOMPSON & HUNTER LLP,**
**AND OTHER UNKNOWN DEFENDANTS;**
Defendants.

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Dr. Jessica R. Berry, Plaintiff in the above-styled and numbered cause, and files this Original Complaint against Defendants F. Mike Miles, Houston Independent School District (HISD), the HISD Board of Managers, Thompson & Hunter LLP and other Unknown Defendants, Plaintiff respectfully shows the Court the following:

**I. JURISDICTION AND VENUE**

1.1 This Court has jurisdiction over this matter pursuant to Chapter 15 of the Texas Civil Practice and Remedies Code, as the events giving rise to this litigation occurred in Harris County, Texas.

1.2 Venue is proper in Harris County under Texas Civil Practice and Remedies Code § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, and the Defendants conduct business or reside within Harris County.

**EXHIBIT 4**

1

## II. PARTIES

1. Plaintiff, Dr. Jessica R. Berry, was a resident of Harris County, Texas at the time Defendants undertook the actions outlined in this Compliant.

2. Defendant F. Mike Miles is purportedly the Superintendent of the Houston Independent School District and resides or conducts business in Harris County, Texas.

3. Defendant Houston Independent School District is a public school district headquartered in Harris County, Texas.

4. Defendant Houston Independent School District Board of Managers purportedly operates as an administrative entity for HISD and is headquartered in Harris County, Texas.

5. Defendant Thompson & Hunter LLP is a Houston-based law firm with its principal office in Harris County, Texas. At all times Thompson & Hunter LLP represented that the law firm represented Defendants F. Mike Miles, Houston Independent School District, and Houston Independent School District Board of Managers in this matter.

6. Other Unknown Defendants, whose identities are not currently known to Plaintiff, are individuals or entities operating within Harris County, Texas.

## III. FACTUAL BACKGROUND

Plaintiff Dr. Jessica R. Berry was employed in the Houston Independent School District (HISD) up and until June 07, 2024, at which time she was terminated without cause or justification.

HISD has a well-documented history of corruption and problematic governance. Now add conscious disregard for a series of well-established employment laws. The Plaintiff consistently informed the Defendants of their obligations, during, prior to and post termination processes including HISD's General Counsel as well as the law firm Thompson & Hunter LLP of these obligations.

Dr. Jessica R. Berry, Plaintiff earned an undergraduate degree in Interdisciplinary Studies, a master's degree in Educational Leadership, and a Doctorate in Ethical Leadership. The Plaintiff has been a practitioner of educational services for the last 11 years.

The Plaintiff entered educational services in 2014 as a kindergarten teacher at Hamilton Elementary School in Cypress, Texas. Her next assignment was teaching fifth grade at Hamilton Elementary School in Cypress, Texas.

2

The Plaintiff entered the Houston Independent School District in August of 2018 as a Magnet Coordinator at Harvard Elementary School; in October of 2020, the Plaintiff was named assistant principal of Harvard Elementary School. In May of 2021, the Plaintiff was named the West Division First Year Assistant Principal of the Year.

In October of 2021, a School Support Officer requested that the Plaintiff apply and interview for the position of Principal of Almeda Elementary School in Houston Independent School District.

In January of 2022, the Plaintiff was notified that she would be reassigned from assistant principal of Harvard Elementary School to interim principal of Herod Elementary School, a Title 1.

On February 14, 2022, the Plaintiff was named principal of Herod Elementary School.

Herod Elementary School is a Title 1 School receiving federal funding. Per National Center for Education Statistics (NCES) "Title I, Part A (Title I) of the Elementary and Secondary Education Act, as amended by the Every Student Succeeds Act (ESEA) provides supplemental financial assistance to school districts for children from low-income families. Its purpose is to provide all children significant opportunity to receive a fair, equitable, and high-quality education, and to close educational achievement gaps by allocating federal funds for education programs and services."[1]

On June 1, 2023, the Plaintiff became legal guardian through foster care of a former Herod Student. While transitioning into the role of legal guardian of a troubled pre-teen the Plaintiff applied for and was granted intermittent Family Medical Leave under the Family Medical Leave Act.

On June 1, 2023, the Houston Independent School District, one of the Defendants in this matter, was taken over by the Texas Education Agency, with F. Mike Miles, one of the Defendants in this matter, inserted as superintendent of schools.

At the time, the Texas Education Agency made the decision to insert F. Mike Miles as Superintendent of the Houston Independent School District Plaintiff Dr. Berry served as principal of Herod Elementary School for 16 months.

On June 23, 2023, on Plaintiff's end of year principal evaluation the Plaintiff scored effective in seven out of eight evaluation categories, analogous to a Proficient I or Proficient II under F. Mike Miles targeted distribution system (see below). The Plaintiff served as principal of Herod Elementary School for the 2022-2023 School year.

On July 18, 2023, The Plaintiff signed her contract with Houston Independent School District for the 2023-2024 school year. The contract states in part "the Administrator may be terminated during the term of this Contract without cause upon the payment by the District of the unpaid

---

[1] National Center for Education Statistics is the primary federal entity for collecting and analyzing data related to education. Last accessed on February 2, 2024, at https://nces.ed.gov/fastfacts/display.asp?id=158

base salary for the remainder of this Contract term, with a minimum payment of three months base salary."

On October 26, 2023, the Plaintiff's status as qualifying for the rights and benefits of the Family Medical Leave Act is affirmed by Leave Administration Department of HISD.

On March 8, 2024, an article entitled "**Mike Miles puts nearly half of HISD principals on notice for low performance**." in the Houston Chronicle, a mere 10 months after inserting F. Mike Miles into the situation. It was at this time Plaintiff became aware she was on a list propagated by the new administration of HISD, with F. Mike Miles as superintendent whereby the Plaintiff was under consideration for termination. Within that article it was reported "*Under Miles' targeted distribution, 40% of principals will receive a Proficient I ranking, and 20% will score a higher rating of Proficient II. Just 8% of principals will be receive the district's highest ratings of Exemplary I or II. Principals who score in any of those four categories may remain as school leader.*"

At the time this news story broke Herod Elementary School's last official rating from the Texas Education Agency was a "B" for the 2021-2022 school year. Texas Education Agency did not release school ratings for the 2022-2023 School Year.

On March 28, 2024, Axios Houston published are article entitled, "**HISD backtracks on principal evaluation plan.**" The article states that, "*After outrage by educators and parents, Houston ISD superintendent Mike Miles has backtracked on a plan to fire or discipline more than 100 principals who don't meet the standards of the district's new rating system.*" and "*At a news conference last week, Miles said the emails putting nearly half of the district's principals on notice didn't mean they were going to be fired, but he acknowledged that 10% to 20% could face removal. At a news conference last week, Miles said the emails putting nearly half of the district's principals on notice didn't mean they were going to be fired, but he acknowledged that 10% to 20% could face removal.*"

On April 23, 2024, the Plaintiff informed Mr. Reginold Fisher Herod's Executive Director that HISD was not in compliance with posting the Operating Procedures as required by the Texas Education Agency.

On April 23 & 24, 2023 – Plaintiff received documents entitled "Missed Deadlines and Failure to Follow Directives" and a second entitled "Implementation of Corrective Action Plan pursuant to a TEA Complaint". Those documents alleged six violations of Employee Standards of Conduct purportedly occurring from March 22, 2024, through April 24, 2024, the very day the document was concocted. The April 24, 2024, entry of that document states, "*During a meeting with Ms. Kimberly Reed and Ms. Andrea Moore-Bailey you again expressed your concern regarding the printing of Education Programs.*"

On May 8, 2024, the Plaintiff was given a document to sign entitled, "RESIGNATION AGREEMENT AND FULL AND FINAL RELEASE FOR JESSICA BERRY", to take effect June 7, 2024. Defendants "offered" the Plaintiff "three (3) months' salary". That document also states in part (Section II (b)) the following:

4

> "agrees to release, acquit and forever discharged HISD, its past, present, and future trustees, officers, employees, representatives and agents (in their official and individual capacities), from any and all claims, demands and causes of action of whatever nature, known or unknown, past, present or future, state and/or federal arising out of out to the employment relationship between parties through the effective date of this Agreement and Release, including, but not limited to rights and claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, the Texas Labor Code, The Texas Whistleblower Act, the Family Medical Leave Act, the Fair Labor Standards Act, the Americans with Disabilities Act, and any other state or federal statutory or common law claim, including any breach of contract claim or tort claim, arising out of or otherwise related to Administrator's employment with HISD and/or her resignation from her employment with HISD. This release is binding as to Administrator, her heirs, successors, and assigns…"

and, Section II (f)

> "agrees not to seek to be re-employed with HISD in any manner whatsoever, including but not limited to, full-time salaried or hourly or part-time salaried or hourly"

On May 13, 2024, the Plaintiff received an email from the Office of Leadership and Development indicating the school average rating was 9.22. For the Plaintiff to be considered a proficient principal the school was to receive a score of 9.0 or better. Plaintiff was considered proficient under the standards created by F. Mike Miles.

On May 14, 2024, Plaintiff while still employed by HISD, was informed by Mr. Reginold Fisher that she was not required to attend a mandatory monthly principal's meeting.

On May 14, 2024, Plaintiff sent a certified letter to F. Mike Miles and Catosha Woods General Counsel of HISD respectfully declining the Defendants' offer for Plaintiff to resign. To wit the Plaintiff responded, "*Moreover, specifically I will not be signing any agreements whereby remedy of your violations of the books and records requirements applicable to HISD, Family Medical Leave Act, The Texas Labor Act, The Texas Whistleblower Act or any other State or Federal violation of law is not made. I will not be signing any agreement that effectively bans me for life from working in Houston.*"

On June 6, 2024, Plaintiff again contacted F. Mike Miles and Catosha Woods by sending a certified letter seeking clarification of her employment status as Plaintiff became aware the Board of Managers, also Defendants in this matter, were to have a closed-door session whereby the employment status of the Plaintiff was to be considered by the Board of Managers.

On June 6, 2024, Plaintiff filed a Whistleblower Complaint with the Texas Education Agency (TEA) with notification of the same to F. Mike Miles and Catosha Woods. TEA acknowledges receipt of the same on the same day.

On July 19, 2024, Plaintiff's non-lawyer consultant receives a correspondence from defendant Thompson & Hunter LLP stating amongst other things that "Since I am representing them at this

5

time, please do not attempt to contact them directly, but all contact should go through me." and sums up the communication "based on the above, I am not sure what there is to "negotiate". However, if you have a proposal on how to resolve this matter, I would be glad to review it with my client."

On July 20, 2024, Plaintiff provides a more fulsome response and accounting of the actions of certain of the Defendants to Defendant Thompson & Hunter LLP. It was at this point that Defendant Thompson & Hunter LLP were made aware of all the allegations.

On July 27, 2024, the Houston Chronicle reports "**Independent hearing examiner says HISD should reinstate union leader Michelle Williams**" citing, "*In the hearing, attorneys for HISD also focused on Williams' performance in the classroom as reason for contract nonrenewal. The district said about half of Williams' students met expected growth targets on their mid-year benchmark exams, compared to a district-set 60% goal. HISD also focused on classroom observation conducted by Stout and a senior executive director on Feb. 12. Williams' attorney had said Williams received a "proficient" mid-year evaluation days before she received her first letter of concern from Shadowbriar's principal on Feb. 27.*"

On August 7, 2024, Plaintiff's consultant receives a correspondence from Hunter Thompson stating "As you are aware, I represent Houston Independent School District ("HISD" or the "District") in the matter regarding Dr. Jessica Rose Berry." And "As to your insistence that I make a "serious and reasonable settlement offer," your client previously refused to accept three months' salary." The three months' salary she was contractually obligated as referenced above as Defendant Thompson & Hunter LLP new at the time of writing that letter.

On August 9, 2024, Plaintiff sends a correspondence to Hunter Thompson seeking redress to the following; Intentional infliction of emotional distress, Defamation, Falsification of Books and Records, Constructive Dismissal, Family Medical Leave Act, The Texas Labor Act, The Texas Whistleblower Act, The Department of Education Whistleblower regulations. The redress sought encompassed several process changes as well as compensatory damages.

August 13, 2024, TEA issues a Special Education Complaint Investigative Report that found that Whistle Blower Allegations submitted by Plaintiff on June 6, 2024, had merit.

On August 15, 2024, Plaintiff's outside consultant alerts the HISD Board of Managers of this matter being analogous to other "employment" tactics used the HISD. Guidance was provided on supervisory accountabilities and fiduciary obligations and potential implication to an upcoming bond referendum.

August 21, 2024 the Houston Chronicle publishes an article entitled, "**HISD West Division Superintendent Stout, leader at center of several controversies, leaves district**", writing "*Stout's departure from Miles' 12-person cabinet also follows weeks of parent protests against West Division leadership's decisions to abruptly tell long-time principals to resign or face board termination, which led, at least in part, to some families enrolling their children outside of the district this academic year.*"

6

On August 21, 2024, Plaintiff receives a response from Defendants related to Plaintiff's August 9, 2024, communication. Defendant Hunter Thompson reply does not address process changes, declines the compensatory damages and once again "offers" three months salary guaranteed by Plaintiff's contract.

On August 23, 2024, Plaintiff responds to the Hunter Thompson correspondence which includes acknowledgment of HISD's action to remove Dr. Stout and further clarifies that HISD already had the obligation to three month's salary. Defendants continue willful blindness as to the legal violations undertaken by Defendants.

On August 28, 2024, Plaintiff sends correspondence to Defendants adding in a non-monetary demand to resolution to the defibrillator issue that apparently was an element in the tragic death of an HISD student. No response was received.

September 10, 2024, Plaintiff's outside consultant alerts the HISD Board of Managers President of the matters that are subject of this Complaint.

On October 4, 2024, Plaintiff receives correspondence from Defendants. The correspondence once again does not address any of the issues raised except for compensatory damages. Defendant's once again state, "To be very clear: my client is still willing to pay the amount of three months' salary in exchange for a full release from Dr. Berry. We have no other response to your previous demand."

On November 6, 2024, the Houston Chronicle publishes an article entitled, "***Houston ISD bonds rejected: Reactions to failure of $4.4 billion bond measures***." Voters rejected $4.4 billion in bond measures, the largest in state history, for the Houston Independent School District.

On January 13, 2025 the Houston Chronicle publishes a story entitled, "***'Good faith error': HISD chief Mike Miles admits $870M budget approval mistake***", to wit, "*"Prior to winter break, we discovered that we weren't following all the policies related to the procurement process," Miles said in a video posted on HISD YouTube TV. "One important step in board approval, and that step we missed.*"

On March 12, 26026 The Couston Chronicle published an article entitled, "***Houston ISD's best and worst performing schools in 2024, according to Children at Risk***[2]." In that independent study Herod Elementary, the school that Plaintiff was previously assigned to and then subsequently removed as outlined in this Complaint, campus rating declined from a 2023 score of 59.57 to a 2024 score of 50 a decline of 16%.

---

[2] https://childrenatrisk.org/about-car/ CHILDREN AT RISK is a non-partisan research and advocacy nonprofit dedicated to understanding and addressing the root causes of child poverty and inequality. Established in 1989 by Houston child advocates and researchers, CHILDREN AT RISK has grown into a statewide organization tackling Texas children and families' most pressing needs.

7

## IV. CAUSES OF ACTION

### Count 1: Intentional Infliction of Emotional Distress

3.1 Plaintiff incorporates by reference all preceding paragraphs.

3.2 Defendants acted in concert and with malice and extreme indifference, intentionally or recklessly causing severe emotional distress to Plaintiff.

3.3 These acts constitute intentional infliction of emotional distress under Texas common law.

### Count 2: Defamation

4.1 Plaintiff incorporates by reference all preceding paragraphs.

4.2 Defendants made false and defamatory statements about Plaintiff, which were published to third parties, causing harm to Plaintiff's reputation and livelihood, in violation of Texas common law.

### Count 3: Falsification of Books and Records

5.1 Plaintiff incorporates by reference all preceding paragraphs.

5.2 Defendants falsified public records in violation of Texas Education Code: Section 48.27 (in addition to the Texas Penal Code § 37.10), causing harm to Plaintiff.

### Count 4: Constructive Dismissal

6.1 Plaintiff incorporates by reference all preceding paragraphs.

6.2 Defendants' actions created intolerable working conditions constituting constructive dismissal in violation of Texas labor laws.

### Count 5: Violations of the Family and Medical Leave Act (FMLA)

7.1 Plaintiff incorporates by reference all preceding paragraphs.

7.2 Defendants violated Plaintiff's rights under the FMLA, 29 U.S.C. § 2601, by interfering with her leave rights and retaliating against her for exercising them.

### Count 6: Violations of the Texas Labor Code

8.1 Plaintiff incorporates by reference all preceding paragraphs.

8.2 Defendants violated the Texas Labor Code § 21.051 by discriminating and retaliating against Plaintiff in her employment.

### Count 7: Violations of the Texas Whistleblower Act

9.1 Plaintiff incorporates by reference all preceding paragraphs.

9.2 Defendants were aware Plaintiff filed a whistleblower complaint and retaliated against Plaintiff for reporting illegal activities, in violation of the Texas Whistleblower Act, Texas Government Code § 554.002.

### Count 8: Violations of Department of Education Whistleblower Protections

10.1 Plaintiff incorporates by reference all preceding paragraphs.

10.2 Defendants retaliated against Plaintiff for whistleblowing activities protected under 34 C.F.R. § 7.1 et seq.

### V. ALLEGATION AGAINST THOMPSON & HUNTER LLP

11.1 Defendant Thompson & Hunter LLP criminally facilitated the actions of the above-named Defendants by aiding and abetting their illegal activities, in violation of Texas Penal Code § 7.02.

9

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. An immediate cessation of the acts and actions causing the alleged harm.
2. Monetary relief of $3 million in damages.
3. Sanctions against all Defendants.
4. Termination of F. Mike Miles from HISD.
5. Termination of the HISD Board of Managers.
6. Any and all other relief the Court deems just and proper.

Respectfully submitted,

*Jessica R Berry*

_____

Dr. Jessica R. Berry

*pro se*

## CERTIFICATE OF SERVICE

I, **Jessica R. Berry**, hereby certify that on March 30, 2025, a copy of the **Complaint** was served via **certified mail, return receipt requested**, upon the following:

### F. MIKE MILES

4400 West 18th Street
Houston, Texas 77092-8501

### HOUSTON INDEPENDENT SCHOOL DISTRICT

4400 West 18th Street
Houston, Texas 77092-8501

### HOUSTON INDEPENDENT SCHOOL DISTRICT BOARD OF MANAGERS

4400 West 18th Street
Houston, Texas 77092-8501

### THOMPSON & HUNTER LLP

Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, TX 77027

Dated: March 30, 2025

_Jessica R Berry_

Jessica R. Berry
Plaintiff, **Pro Se**

11

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 99857888
Filing Code Description: Petition
Filing Description: Initial Complaint
Status as of 4/21/2025 9:43 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jim Byrom | | jbyrom@thompsonhorton.com | 4/20/2025 10:18:53 AM | SENT |
| F. Mike Miles | | hisdsuperintendent@houstonisd.org | 4/20/2025 10:18:53 AM | SENT |
| Audrey Momanaee | | audrey.momanaee@houstonisd.org | 4/20/2025 10:18:53 AM | SENT |
| F. Mike Miles | | Mike.miles@houstonisd.org | 4/20/2025 10:18:53 AM | SENT |
| Jessica RoseBerry | | jberry4125@gmail.com | 4/20/2025 10:18:53 AM | SENT |

Associated Case Party: THOMPSON & HUNTER LLP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jim Byrom | | jbyrom@thompsonhorton.com | 4/20/2025 10:18:53 AM | SENT |

Associated Case Party: HOUSTON INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| F. Mike Miles | | hisdsuperintendent@houstonisd.org | 4/20/2025 10:18:53 AM | SENT |

Associated Case Party: HOUSTON INDEPENDENT SCHOOL DISTRICT BOARD OF MANAGERS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Audrey Momanaee | | audrey.momanaee@houstonisd.org | 4/20/2025 10:18:53 AM | SENT |

Associated Case Party: F. MikeMiles

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 99857888
Filing Code Description: Petition
Filing Description: Initial Complaint
Status as of 4/21/2025 9:43 AM CST

Associated Case Party: F. MikeMiles

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| F. Mike Miles | | Mike.miles@houstonisd.org | 4/20/2025 10:18:53 AM | SENT |

Associated Case Party: JessicaRoseBerry

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jessica RoseBerry | | jberry4125@gmail.com | 4/20/2025 10:18:53 AM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk