IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. JESSICA BERRY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | No.. 4:25-cv-02405 |
| | § | |
| F. MIKE MILES et. al. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANTS F. MIKE MILES AND HOUSTON INDEPENDENT
SCHOOL DISTRICTS' MOTION TO DISMISS PLAINTIFF'S
<u>FIRST AMENDED COMPLAINT</u>**

Defendants F. Mike Miles and Houston Independent School District

(hereinafter "HISD" or the "District") move to dismiss Plaintiff Jesica Berry's First

Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6), because Plaintiff's claims are barred by law, and she has failed to state

any viable claim upon which relief can be granted.

## I.  Nature and Stage of the Proceedings

Plaintiff Jessica Berry is a former HISD employee. On April 20, 2025,

Plaintiff filed suit in the District Court of Harris County against HISD

Superintendent F. Mike Miles, HISD, the HISD Board of Managers, and the

District's law firm, Thompson & Horton LLP ("T&H"). Plaintiff's claims against

Mr. Miles are considered claims against his government employer, HISD. *See Will*

*v. Miclaims State Police*, 491 U.S. 58, 71 (1989). Accordingly, any reference throughout this pleading to the "Defendants" or the "HISD Defendants" includes both Mr. Miles and HISD.

The HISD Defendants filed an answer in state court on May 27, 2025. [Dkt. 1-18, 1-19]. T&H removed the case to this Court on May 27, 2025. [Dkt. 1, 2].

Plaintiff asserts five causes of action against the HISD Defendants: (1) interference under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"); (2) retaliation under "federal whistleblower protection regulations," which Plaintiff cites as 29 U.S.C. § 794(d); (3) procedural due process violation under 42 U.S.C. § 1983 ("Section 1983"); (4) retaliation under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"); and (5) common law defamation. [*See* Dkt. 26 at ¶¶ 10-26].

## II. Summary of the Argument

The HISD Defendants move to dismiss Plaintiff's claims against them because: (1) they are immune from Plaintiff's tort claim; and (2) Plaintiff failed to state a claim for relief under any of her other stated causes of action. Furthermore, pursuant to Texas's election-of-remedies provision, Plaintiff cannot pursue tort claims against Mr. Miles in his individual capacity, and cannot state a claim against Mr. Miles under any of her other causes of action.

First, under the Texas Tort Claims Act, the HISD Defendants are immune

from liability for any tort cause of action that does not involve the negligent use or operation of a motor vehicle. Because Plaintiff's purported tort claim does not involve the use or operation of a motor vehicle, the HISD Defendants are immune from these claims, and the claims must be dismissed pursuant to Rule 12(b)(1).

Second, Plaintiff failed to state a claim against HISD under the FMLA, "federal whistleblower protection regulations," Section 1983, or Section 504. As an initial matter, the "federal whistleblower protection regulation" Plaintiff cited in her First Amended Complaint does not create a private cause of action. As to Plaintiff's remaining claims, Plaintiff failed to plead facts in her Petition to state a claim under any of them. Namely, Plaintiff's Petition disproves Plaintiff's purported FMLA interference claim because HISD granted Plaintiff the Family & Medical Leave she requested. Furthermore, Plaintiff failed to plead facts to support causation on her FMLA retaliation claim. As to Plaintiff's Section 504 retaliation claim, Plaintiff does not allege she engaged in any activity protected by Section 504 before HISD subjected her to an adverse employment action. Plaintiff's Section 1983 claim also fails because Plaintiff did not have a constitutionally protected property interest in her continued employment with HISD.

Finally, Plaintiff seeks relief through her lawsuit that is not available to her in this litigation, even if she were to prevail on the merits at trial.

For these reasons, the HISD Defendants respectfully request that this Court dismiss Plaintiff's claims against them in their entirety.

### III. Standard of Review

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, courts should consider a Rule 12(b)(1) jurisdictional argument before addressing any argument on the merits. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001), *cert denied*, 5236 U.S. 960 (2002). The plaintiff has the burden of establishing that jurisdiction is proper. *Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998). Courts should dismiss an action whenever it appears that jurisdiction is lacking. *Id*.

Furthermore, under Rule 12(b)(6), a complaint must provide sufficient factual allegations that, when assumed to be true, state a claim for relief that "is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. When a complaint pleads acts that are "merely

consistent with" a defendant's liability, "it 'stops short of the line between possibility and plausibility.'" *Id*. (citations omitted). Although the court must accept well-pleaded facts as true, conclusory allegations are not entitled to a presumption of truth. *Id*. at 678-79.

## IV. Arguments and Authorities

### A. Plaintiff's tort claim against Mr. Miles must be dismissed under the election-of-remedies provision in the Texas Tort Claims Act.

The Texas Tort Claims Act ("TTCA"), mandates "[i]f a suit is filed under [the TTCA] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.106(e). This is because "[t]he filing of a suit under [the TTCA] against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." *Id*. at (a). Section 101.106 of the TTCA, otherwise known as the "election of remedies" provision, "force[s] a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008).

Here, the election of remedies provision requires that any purported tort

claim against Mr. Miles in his personal capacity be dismissed in favor of Plaintiff's election to sue HISD (as Mr. Miles's employer) for his conduct. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(e).

## B. The HISD Defendants are immune from Plaintiff's defamation claim.

The TTCA provides the exclusive means by which a plaintiff may, in certain limited circumstances, bring tort claims against a governmental unit in Texas, including school districts. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.001(3), 101.021. Texas school districts are immune from all common law claims, unless the Texas Legislature has expressly waived immunity in a specific statute. *See Garcia*, 253 S.W.3d at 655; *see also Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex. 1978); *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49 (Tex. 1992); *Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617 (Tex. 1987).

Under the TTCA, the only permissible tort claim against a school district is a claim involving the negligent operation of a motor vehicle by a school employee. *See* TEX. CIV. PRAC. & REM. CODE § 101.051; *see also Garcia*, 253 S.W.3d at 655-56; *see also Barr*, 562 S.W.2d at 846. Thus, the District retains governmental immunity from Plaintiff's defamation claim, and this claim should be dismissed.

## C. Plaintiff failed to state a claim for a violation of the FMLA.

Plaintiff generally asserts HISD interfered with her leave rights under the FMLA and retaliated against her for exercising her right to leave under the FMLA.

[*See* Dkt. 26 at ¶¶10-12, 20]. Plaintiff failed to state a claim under either theory.

### 1. FMLA Interference

To state a *prima facie* FMLA interference claim, a plaintiff must allege: (1) she was an eligible employee; (2) her employer was subject to FMLA requirements; (3) she was entitled to leave; (4) she gave proper notice of her intention to take FMLA leave; and (5) her employer denied her the benefits to which she was entitled under the FMLA. *See Hester v. Bell-Trexton, Inc.*, 11 F.4th 301, 306 (5th Cir. 2021) (citing *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017)).

Aside from Plaintiff naming a cause of action for FMLA interference, her Complaint does not allege how, or even whether, HISD interfered with Plaintiff's rights under the FMLA. To the contrary, Plaintiff acknowledges HISD approved her request for intermittent FMLA leave. [*See* Dkt. 26 at ¶8A]. Because Plaintiff's Complaint plainly shows that HISD did not interfere with her right to take FMLA leave, Plaintiff's FMLA interference claim should be dismissed.

### 2. FMLA Retaliation

To state a *prima facie* FMLA retaliation claim, a plaintiff must allege: (1) she is protected under the FMLA; (2) she suffered an adverse employment decision; and either (3a) she was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was because of

the plaintiff's request for leave. *Id*. at 305 (citing *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998)). Here, because Plaintiff has not identified any comparators to allow the Court to consider a disparate treatment theory of liability, Plaintiff must satisfy element 3b of her retaliation claim by alleging sufficient causation between her request for FMLA leave and her termination. *Id*.

Where, as here, a plaintiff does not claim to have direct evidence of causation, the plaintiff may still plead a *prima facie* case of retaliation by alleging that there was a "temporal proximity" between her termination and her FMLA leave. *Id*. (citing *Mauder v. Metro Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 583 (5th Cir. 2006). But temporal proximity in a retaliation case must be "very close" in order to support causation. *Clark Cnty. Sch. Dist. v. Bredeen*, 532 U.S. 268, 273 (2001). Gaps ranging from as short as 3 months to as long as 20 months between an employee's protected activity and the adverse employment action have been deemed to be too long of a duration to support temporal proximity for a prima facie retaliation claim. *See, e.g., Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 306 (5th Cir. 2020) (9 months); *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (C.A.10 1997) (3 months); *Hughes v. Derwinski*, 967 F.2d 1168, 1174-75 (C.A.7 1992) (4 months); *Breeden*, 532 U.S. at 274 (20 months).

Here, Plaintiff alleges she was terminated over seven months after she was approved for FMLA leave. [*See* Dkt. 26 at ¶¶8A, 9]. This gap is too large to show

causation by itself, and Plaintiff did not allege any other facts to support her contention that HISD terminated her contract because she took FMLA leave. In summary, Plaintiff's Complaint does not state a viable claim for retaliation under the FMLA because Plaintiff does not allege facts to support either: (1) that she was treated less favorably than employees who did not request FMLA leave; or (2) that she was terminated because she requested FMLA leave. Plaintiff's claims for FMLA interference and retaliation should be dismissed accordingly.

**D. Plaintiff failed to state an FMLA claim against Mr. Miles.**

Assuming *arguendo* that Plaintiff had stated a cognizable claim under the FMLA, Mr. Miles is not a proper defendant to any such claim. The provisions of the FMLA apply specifically to "employers." 29 U.S.C. § 2615(a)(1); *see also Harville v. Tex. A&M Univ.*, 833 F.Supp.2d 645, 653 (S.D. Tex. 2011). In determining whether a defendant is an "employer" under the FMLA, the Court must determine whether an individual "effectively dominates [the employer's] administration or otherwise acts, or has the power to act, on behalf of the [employer] vis-à-vis its employees." *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993). Even then, though, "individual liability does not automatically accompany supervisor responsibility," because "even among those 'in supervisory positions, [t]he FMLA does not contemplate holding individuals liable for corporate violations.'" *Jones v. Katy Indep. Sch. Dist.*, No. 4:24-CV-1039, 2025

WL 816719, at *3 (S.D. Tex. Mar. 13, 2025, no pet.) (citing *Harville*, 833 F. Supp. 2d at 654). Accordingly, to determine whether an individual is an "employer" under the FMLA, the Court must consider "whether the alleged employer (1) has the power to hire and fire the employee; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990) (internal citations omitted) (regarding FLSA employers)).

Aside from alleging HISD "act[ed] through its Superintendent F. Mike Miles," Plaintiff failed to allege exactly how Mr. Miles meets the elements to qualify as her "employer" under the FMLA. Accordingly, there is no basis for the Court to conclude that Mr. Miles had supervisory authority over Plaintiff or that he was responsible in whole or in part for the alleged violation of the FMLA, and Plaintiff's purported FMLA claim against Mr. Miles in his individual capacity should be dismissed. *See e.g., Jones*, 2025 WL 816719, at *3.

Even if the Court does not dismiss Plaintiff's FMLA claims against Mr. Miles due to her failure to allege facts to support naming him as a defendant on those claims, Plaintiff's FMLA claims against Mr. Miles should be dismissed for other substantive failures in the pleading, as set forth in Section IV.C, *supra*.

## E. Plaintiff failed to state a due process claim.

Plaintiff's Section 1983 claim requires her to show that HISD deprived her of a constitutionally protected property interest without due process. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 539 (1985). An employee only has a constitutionally protected property interest in continued employment if "there are 'contractual or statutory limitations on the employer's ability to terminate an employee,' such as a contractual right to be terminated only for cause." *Bennett v. Watters*, 260 F.3d 925, 927 (8th Cir. 2001) (quoting *Winegar v. Des Moines Indep. Cmty. Sch. Dist.*, 20 F.3d 895, 899 (8th Cir. 1997)). Here, Plaintiff does not identify any such limitation. [*See* Dkt. 26, generally]. To the contrary, Plaintiff's contract specifically authorized HISD to terminate her contract during its term *without cause* upon the payment of the unpaid salary due and owing under the contract. [*See* Plaintiff's Contract, attached as Ex. 1].[1] Accordingly, Plaintiff did not have a constitutionally protected property interest in her continued employment with HISD, and this claim should be dismissed.

Even assuming *arguendo* that Plaintiff *did* have a protected property interest in her continued employment with HISD, her Complaint acknowledges HISD provided her "notice of possible termination as part of HISD's restructured leadership evaluation system" before later offering her an opportunity to resign.

---

[1] The Court may consider documents that "are referred to in the Plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). [*See* Dkt. 26 at ¶15].

[Dkt. 26 at ¶9]. HISD did not terminate Plaintiff's employment until after she declined its resignation offer. [*Id*.]. Therefore, Plaintiff not only had advance notice of HISD's intent to terminate her employment, she failed to take advantage of the District's offer to resolve the matter before it ultimately terminated her contract. Plaintiff failed to state a claim for a due process violation arising from HISD's termination of her employment contract, and this claim should be dismissed.

**F. Plaintiff failed to state a claim for a violation of Section 504.**

Plaintiff alleges that the HISD Defendants took adverse employment action against her "in violation of 29 U.S.C. § 794(d)" (Section 504). [Dkt. 26 at ¶14]. Section 504 prohibits retaliation against an individual for opposing any act or practice made unlawful by the Rehabilitation Act. *See January v. City of Huntsville*, 74 F.4th 646, 652-53 (5th Cir. 2023). Plaintiff alleges HISD violated this prohibition by retaliating against Plaintiff "for advocating for compliance with §504 and FMLA obligations" related to her "guardianship of a student with a qualifying disability." [Dkt. 26 at ¶¶19-21].

To state a claim for retaliation under Section 504, Plaintiff must plead, and ultimately prove: (1) she engaged in protected activity; (2) HISD took an adverse employment action against her; and (3) HISD's decision to take adverse action against her was based in part on her protected activity. *January*, 74 F.4th at 653. To the extent Plaintiff relies on her "advoc[acy] for compliance with §504" to

establish that she engaged in a protected activity, Plaintiff's Complaint lacks any factual detail whatsoever to support this conclusion. The "protected activity" triggering Section 504's anti-retaliation provision must involve actual opposition to an act or practice made unlawful by Section 504. *See Round Rock Indep. Sch. Dist. v. Amy M.*, 540 F.Supp.3d 679, 696-97 (W.D. Tex. 2021). That is, in order to state a claim for Section 504 retaliation, the plaintiff "must have reasonably believed that [the defendant's] actions were unlawful *under [Section 504]* in order to have engaged in 'protected' activity.'" *Gray v. Winco Foods*, 683 F.Supp.3d 571, 605 (E.D. Tex. 2023) (quoting *St. John v. Sirius Sols., LLP*, 299 F.App'x 308, 309 (5th Cir. 2008)) (emphasis in original).

Here, Plaintiff summarily concludes that her advocacy "for compliance with §504" constitutes a protected activity under Section 504. Plaintiff vaguely asserts in her Amended Complaint that she "reported special education noncompliance" while she worked for HISD and that the Texas Education Agency subsequently "issued a compliance finding substantiating Plaintiff's whistleblower report." [Dkt. 26 at ¶¶8B, 9]. It is entirely unclear from Plaintiff's Complaint what exactly she reported to the Texas Education Agency ("TEA"), let alone whether she reported conduct she reasonably believed to violate Section 504 (as would be required to state a claim for retaliation).

Of course, when it comes to meeting her pleading burden in federal court,

Plaintiff's "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Because Plaintiff did not claim to have opposed conduct by HISD she reasonably believed to violate Section 504, her conclusory assertion that she engaged in "protected activity" does not support her retaliation claim. Plaintiff, *ipso facto*, failed to allege any causation between her non-existent protected activity as it relates to her own student and any subsequent adverse employment action. Plaintiff's Section 504 retaliation claim should therefore be dismissed in its entirety.

### G. Plaintiff lacks standing to pursue a Section 504 retaliation claim on behalf of students other than her own child.

To the extent Plaintiff's ambiguous "whistleblower" report to TEA involved students other than her own child, Plaintiff lacks standing to assert those students' rights under Section 504. A parent may only establish standing based on violations of their own child's rights under Section 504 if the parent's injuries are: (1) independent of the student's injuries; and (2) causally related to the denial of federally-required services of the parent's student. *Round Rock Indep. Sch. Dist. v. Amy M.*, 540 F.Supp.3d 679, 697 (W.D. Tex. 2021) (internal citations omitted). Plaintiff does not allege HISD denied Plaintiff's student any federally-required services. [Dkt. 26, generally]. Plaintiff also does not allege that she engaged in any protected activity with respect to any such denial. [*Id*.]. To the contrary, Plaintiff's

Amended Compliant implies that her complaint to TEA was broader in nature and did not relate specifically to her student. [*Id*. at ¶8B]. Accordingly, to the extent Plaintiff now seeks to adopt other students' rights under Section 504 as her own, Plaintiff lacks standing to pursue a claim for Section 504 retaliation based on her decision to file a TEA complaint concerning students other than her own child.

**H. Plaintiff seeks relief that is not available in response to this lawsuit.**

Plaintiff's Prayer for Relief in this lawsuit seeks injunctive relief in the form of "removal of F. Mike Miles[.]" [*See* Dkt. 26 at p. 6]. There is no arguable basis in law for Plaintiff's requests for the termination of HISD's Superintendent. *See Jackson v. Tex. Dep't of Criminal Justice-Institutional Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi-Edinburg 2000, pet. denied). Plaintiff is therefore not entitled to pursue this equitable remedy in response to her lawsuit.

## V. Conclusion and Prayer

For the forgoing reasons, Defendants F. Mike Miles and the Houston Independent School District respectfully request that this Court dismiss this lawsuit and all of Plaintiff's claims against the HISD Defendants in their entirety. The HISD Defendants further request that the Court grant them such remedies, both at law and in equity, to which they have shown themselves entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: */s/ James E. Byrom*
      James E. Byrom
      State Bar No. 03568100
      Southern District No. 6874
      Morgan P. Beam
      State Bar No. 24101447
      Southern District No. 3159785

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone:  (713) 554-6767
Fax:        (713) 583-7698
jbyrom@thompsonhorton.com
mbeam@thompsonhorton.com
**ATTORNEYS FOR HISD DEFENDANTS**

## CERTIFICATE OF SERVICE

On September 25, 2025, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dr. Jessica R. Berry
3838 Lockhill Selma Road #1417
San Antonio, Texas 78230
berry.cv2405@gmail.com
*PRO SE* **PLAINTIFF**

Zandra E. Foley—Attorney-in-Charge
zfoley@thompsoncoe.com
Daniel Blucher
dblucher@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027

*/s/ James E. Byrom*
James E. Byrom

4904-9964-4521, v. 1