IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. JESSICA BERRY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:25-cv-02405 |
| | § | |
| F. MIKE MILES et. al. | § | |
| | § | |
| Defendant. | § | |

**F. MIKE MILES AND HOUSTON INDEPENDENT SCHOOL DISTRICT'S MOTION TO SHOW CAUSE**

F. Mike Miles and Houston Independent School District ("HISD" or the "District") (the "HISD Defendants" collectively) hereby request that the Court require Plaintiff Jessica Berry and Michael R. Berry to appear before the Court and show cause as to the nature of Michael R. Berry's involvement in this litigation. In support of this Motion, the HISD Defendants show the Court as follows:

## FACTUAL BACKGROUND

**A. Mr. Berry, Plaintiff's father, is not licensed to practice law in Texas.**

In his most recent communications to the Defendants, Mr. Berry identified Plaintiff as his daughter. [*See* Ex. 1]. Mr. Berry's signature block identifies him as the Managing Member of 2678 Holdings. [*Id.*]. In prior communications, Mr.

1

Berry identified himself as a Managing Member of MRB Compliance Consulting. [Ex. 2]. Mr. Berry has never provided a Texas Bar number indicating that he is licensed to practice law in this state, and while there is a Michael R. Berry licensed to practice law in Texas, there is no reason to believe that Mr. Berry is the same Michael R. Berry who is currently a professor at Baylor Law School, particularly given Mr. Berry's conduct, as set forth below.

### B. Mr. Berry purported to "represent" Plaintiff before she filed suit.

Mr. Berry attempted to resolve Plaintiff's employment dispute with HISD through a series of letters and emails with HISD's attorney throughout the summer of 2024. [Ex. 3]. His representation included threats of litigation and settlement demands. [*See id.*]. HISD's attorney engaged with Mr. Berry on a limited basis as a professional courtesy, until Mr. Berry's actions began to border on the unauthorized practice of law, at which point HISD's attorney requested proof of Mr. Berry's authorization to undertake functions that are ordinarily performed by attorneys. [Ex. 4]. Mr. Berry then began communicating directly with the President of the HISD Board of Managers, despite prior requests to communicate only with HISD's legal counsel. [Ex. 2]. One such communication included a demand for $2 million to settle the very claims Plaintiff later asserted in her lawsuit. [*Id.*].

### C. Mr. Berry has participated in these proceedings without the Defendants' or the Court's knowledge or consent.

Plaintiff attempted to continue Mr. Berry's representation in the instant

litigation. In early communications in this case, Plaintiff included and repeatedly re-inserted Mr. Berry in email threads concerning the case. [*See* Ex. 5]. After being removed from one such email, Mr. Berry responded and demanded that HISD's attorney "[r]eply all" (*i.e.*, include him on replies). [*Id.*]. Based on this exchange, HISD's attorney advised Plaintiff during the parties' Rule 26(f) conference that if Mr. Berry would continue to be involved in this matter, HISD would seek clarification from the Court as to the propriety of his continued involvement. Plaintiff assured the Defendants that Mr. Berry was not representing her in these proceedings and that such clarification from the Court would not be necessary. Mr. Berry was not visible on screen during the Rule 26(f) conference. However, in a letter dated October 28, 2025, Mr. Berry acknowledged that he was not only in the room during that conference, but that he "inserted" language into the Joint Case Management Plan that Defendants filed with the Court in this case. [Ex. 1; *see also* Dkt. 24]. The HISD Defendants do not consent to Mr. Berry's continued participation in these proceedings to the extent they violate Texas Government Code section 81.101(a).

### D. Mr. Berry continues to send the Defendants threatening and harassing communications in furtherance of his illegal representation of Plaintiff.

On October 28, 2025, Mr. Berry emailed all defendants' attorneys, with copies to a reporter, an employee of the United States Department of Justice, and

Plaintiff. [Ex. 1]. While difficult to follow, Mr. Berry's correspondence generally threatened further investigation and publicization of his complaints concerning Plaintiff's separation from HISD if he did not receive direct communication from HISD Superintendent Mr. Mike Miles (inaccurately referred to as Mr. Morath in the letter) by 5:00 p.m. that afternoon. [*Id*.]. After implying that the Defendants would find themselves "sleeping with the fishes" (vis-à-vis his second Taylor Swift lyric in the day's correspondence) if they failed to comply with his demands, Mr. Berry stated that HISD would "never get [its] bond approved." [Ex. *Id*.]. He also attached a PDF file labeled "No bond for you" that included a copy of a letter he sent to the HISD Board with the subject line "Dr. Jessica R. Berry – Dispute Resolution" and indicated that he had "been hired by Dr. Berry to settle this matter." [*Id*.].

Most recently, on November 12, 2025, Mr. Berry emailed the Court directly and copied HISD's Board President and General Counsel, as well as all counsel of record in this case, marking his first formal appearance in the litigation. [Ex. 6]. In that email, which he titled an "Amicus Note", Mr. Berry accuses the lawyers involved in this litigation of potentially criminal misconduct related to their representation of their respective clients in this case. [*Id*.]. Most alarmingly, however, was Mr. Berry's ominous conclusion to his email:

4

> I do know how far you people are willing to go. That didn't work to well in Chicago folks. Want a list?
>
> And for the record, I had nothing to do with the demise of Ms. Groebner: Susanne Groebner, prosecutor elected to Cook County bench in 2020, dies at 46 – Chicago Tribune
>
> Good luck.
>
> To the lawyers (all of you) you should be much more respectful to Dr. Berry.
>
> Most respectfully,
>
> MRB

[*Id*].

### E. Plaintiff is attempting to benefit from Mr. Berry's actions.

Despite Mr. Berry's representation in his October 28, 2025 letter that his demands had "absolutely zero to do with the litigants in the Dr. Berry matter, my daughter's litigation[,]" Plaintiff promptly attempted to benefit from Mr. Berry's inappropriate behavior. The day after Mr. Berry's first threatening email, Plaintiff replied to the email thread—which at this point included HISD's Board President and General Counsel in addition to the original recipients—asking whether the Defendants would be open to discussing settlement "[c]onsidering the recent correspondence" from Mr. Berry. [Ex. 7]. When neither of the Defendants responded, Mr. Berry sent a new email (this time without Plaintiff copied) asking whether the Defendants "think it is … a good idea to be rude to [Plaintiff]" and "demand[ing] an answer" that day. [Ex. 8]. He continued his pressure campaign with two more emails that afternoon. [*Id*]. Plaintiff sent a third email attempting to engage in settlement negotiations on November 11, 2025, this time filing her communication with the Court. [Ex. 9]. It is abundantly clear that Plaintiff is not

only condoning and/or facilitating Mr. Berry's unauthorized practice of law, but attempting to benefit from it as well.

## ARGUMENT

Naturally, "Texas requires membership in the State Bar before a person may practice law." *In re Zuniga*, 332 B.R. 760, 779 (Bankr. S.D. Tex. 2005) (citing TEX. GOV'T CODE §§ 81.051, 81.102(a)); *see also* TEX. GOV'T CODE § 83.001. The "practice of law" includes preparing pleadings or other documents incident to an action on behalf of a client before a judge and rendering services outside of court, including giving advice or preparing instruments that require careful consideration of facts and conclusions. TEX. GOV'T CODE § 81.101. A person who is not admitted to practice law in Texas, let alone in the Southern District of Texas, engages in the unauthorized practice of law when they advise a litigant on litigation matters and prepare pleadings on behalf of a litigant. *Id*.

The Court has broad authority to sanction litigants, including those who facilitate the unlawful practice of law in furtherance of their matter(s) before the Court. *In re Rudder*, 100 4th 582, 584 (5th Cir. 2024). The Court may also "resort to its inherent powers to sanction a person engaged in the unauthorized practice of law." *Id.*

Here, both Mr. Berry and Plaintiff have engaged in sanctionable conduct. Mr. Berry's purported representation of Plaintiff in this case is not only unlawful, it

violates the Texas Rules of Professional Disciplinary Conduct and this Court's local rules concerning admission and conduct of counsel. *See, e.g.*, LR 83.1(A), (J). For her part, Plaintiff has both misrepresented Mr. Berry's role in this matter to Defendants' counsel and attempted to leverage his misconduct by way of obtaining a settlement based on Mr. Berry's threats.

## CONCLUSION AND PRAYER

Plaintiff Jessica Berry has facilitated the unlawful practice of law by her father, Michael Berry, who is not a licensed to practice law in Texas. Defendants F. Mike Miles and the Houston Independent School District respectfully request the Court to require Plaintiff and Mr. Berry to show cause why they should not be punished for contempt and enjoined from further facilitation of or participation in the unauthorized practice of law. The HISD Defendants further request equitable relief enjoining Mr. Berry from further communications with the HISD Defendants and/or their attorneys regarding this or any other dispute related to Plaintiff's employment with the District. The HISD Defendants further request sanctions by way of reimbursement for Defendants' legal fees associated with preparing this pleading and participating in any resulting hearing, and any other relief that is both appropriate and permitted by law.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: /s/ *James E. Byrom*
    James E. Byrom
    State Bar No. 03568100
    Southern District No. 6874
    Morgan P. Beam
    State Bar No. 24101447
    Southern District No. 3159785

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone:  (713) 554-6767
Fax:        (713) 583-7698
jbyrom@thompsonhorton.com
mbeam@thompsonhorton.com
**ATTORNEYS FOR HISD DEFENDANTS**

## **CERTIFICATE OF SERVICE**

On November 12, 2025, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dr. Jessica R. Berry
3838 Lockhill Selma Road #919
San Antonio, Texas 78230
jberry4125@gmail.com
***PRO SE* PLAINTIFF**

Mr. Michael R. Berry
2678 Holdings LLC
3200 Wilcrest Drive, Suite 170-03
Houston, TX 77042
MRB@2678holdings.com
**RELATOR**

Zandra E. Foley—Attorney-in-Charge
zfoley@thompsoncoe.com
Daniel Blucher
dblucher@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
**ATTORNEYS FOR THOMPSON & HORTON LLP**

                                           */s/ Morgan P. Beam*
                                           Morgan P. Beam

4916-5033-2025, v. 1