United States District Court
Southern District of Texas

**ENTERED**

May 20, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Dr. Jessica Berry, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-25-2405 |
| | § | |
| Houston Independent School | § | |
| District et al., | § | |
| *Defendants.* | § | |

**ORDER DENYING MOTIONS TO DISMISS**

The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes, including entry of final judgment. ECF Nos. 27, 29, 32, 33. Pending before the court are Defendants' Motions to Dismiss. ECF Nos. 28 and 30. Both motions are **DENIED** without prejudice to Defendants' right to raise the issues in a summary judgment motion to be filed later in the case.

### 1. Background

Plaintiff Dr. Jessica Berry, proceeding pro se, alleges that she was wrongfully terminated from her position as principal of an elementary school on June 7, 2024. ECF No. 26 at 3.

Berry filed her Original Complaint in state court on April 20, 2025, against Houston Independent School District (HISD), HISD Board of Managers, the superintendent of HISD F. Mike Miles (together, HISD Defendants), and the law firm Thompson & Horton, LLP (T&H).[1] ECF No. 1-4. Defendant T&H removed the case to this court based on federal question jurisdiction. ECF No. 1.

---

[1] Incorrectly listed in the Original Complaint as Thompson & Hunter LLP.

Berry brings federal claims for violations of the FMLA, "Retaliation Under Federal Whistleblower Protection Regulations," denial of procedural due process via 42 U.S.C. § 1983, and violations of § 504 of the Rehabilitation Act. ECF No. 26 at 3–5. Berry also brings a state law cause of action for defamation. *Id.* at 5.

HISD Defendants and T&H each filed Motions to Dismiss. ECF Nos. 28 and 30. The briefing for both motions includes matters outside the pleadings. As the court will discuss in more detail below, HISD Defendants attached a copy of Berry's employment contract to their motion. ECF No. 28-1. Berry included multiple pieces of evidence as attachments to both her responses. In their replies, all Defendants rely on evidence attached to the briefing, at least in part. ECF No. 37 at 4; ECF No. 38 at 2.

### 2. *Legal Standard*

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Ultimately, the "[f]actual allegations [in the complaint]

must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "A plaintiff need only plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.* at 556.

The court liberally construes pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless doing so would be futile. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

### 3. Analysis

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). When considering a motion to dismiss, the court must limit itself to: (1) the facts in the complaint; (2) documents attached to the complaint; and (3) matters of which the court may take judicial notice. *Walker v. Beaumont Indep. Sch.*

*Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). "The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Courts do not incorporate a referenced document into the pleadings when the document is merely evidence of an element of a claim. *Hammer v. Nodolf*, 810 F. Supp. 3d 798, 802 (W.D. Tex. 2025); *O'Malley v. Brown Bros. Harriman & Co.*, No. 19-CV-0010, 2020 WL 1033658, at *3 (W.D. Tex. Mar. 3, 2020).

Here, every party raises matters that are outside the pleadings. Berry did not attach any documents to her Amended Complaint. HISD Defendants attached Berry's employment contract to their motion. ECF No. 28-1. Berry attached several exhibits to her responses: (1) her employment contract, ECF Nos. 35-1, 36-1; (2) an email confirming her approved intermittent FMLA leave, ECF Nos. 35-2, 36-3; (3) screenshots of a Houston Chronicle news article, ECF Nos. 35-3, 36-4; and (4) a TEA Request for Special Education Complaint Investigation Form, ECF No. 36-2. In their replies, all Defendants rely on Berry's employment contract, at least in part. ECF No. 37 at 4; ECF No. 38 at 2. In her Amended Complaint, Berry does not explicitly reference her employment contract, the email confirming her FMLA leave, or her TEA complaint form. As such, those documents are not part of the pleadings.

The court informed Berry at the Initial Conference on August 28, 2025, that her Amended Complaint must include all the relevant facts at her disposal and must address all the issues that Defendants raised in their initial Motions to Dismiss. In that hearing, the court cautioned Berry not to include additional facts outside the complaint in her response to the Defendants' Motions to Dismiss. Every party disregarded the court's instructions.

4

No party asks the court to exclude any of the attachments. Every party relies, at least in part, on the attached evidence. Thus, there is no principled reason for the court to exclude the evidence.

As such, the question before the court is no longer whether the complaint sufficiently pleads Berry's claims. Defendants and Berry have presented matters outside the pleadings, which the court concludes must be considered to determine the issues that have been raised. It would therefore be inappropriate for the court to dispose of the instant issues under Rule 12(b)(6). The pending motions must be treated as motions for summary judgment under Rule 12(d). Doing otherwise on the record before the court would be error.

When treating a motion to dismiss as one for summary judgment, Rule 12(d) requires that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Thus, rather than directly convert the instant motions to summary judgment motions, the court instead **DENIES** the motions without prejudice to allowing Defendants to raise the same issues in the context of a motion for summary judgment. The court will set a Rule 16 conference and will discuss with the parties the scope of discovery that the court will permit. Discovery is stayed until the court conducts the conference.

## *4. Conclusion*

Defendants' Motions to Dismiss, ECF Nos. 28 and 30, are **DENIED**.

Signed at Houston, Texas, on May 20, 2026.

_____

Peter Bray
United States Magistrate Judge

6